# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JEFFERY L. POPE,

    Plaintiff,

vs.                              Case No. 4:04cv168-WS/WCS

OFFICER MASON,

    Defendant.

_____/

## ORDER DIRECTING SERVICE

Plaintiff has been directed several times previously to submit one identical copy of his third amended civil rights complaint, doc. 24. Docs. 25, 28, and 35. Plaintiff has also been given several extensions of time in which to do so. Docs. 32, 39, and 41. Plaintiff has previously submitted several service copies in an attempt to comply with the Court orders, but the documents have always been different, and therefore not "identical to the third amended complaint filed with the Court", and they were returned to Plaintiff. Plaintiff has once again submitted a "service copy" of his complaint which is still not identical to the third amended complaint.

Review of this document, however, indicates that only one page of the complaint is different. Beyond that, the only distinguishable difference is that Plaintiff signed and dated the complaint June 2, 2005. This version of the complaint is sufficient to alert the

Defendant to the nature and basis of Plaintiff's claims and, because it cannot be said that the complaint fails to state a claim, service is appropriate. Therefore, so as not to dismiss this case for Plaintiff's failure to comply with such a simple court order when the errors are minimal, the Clerk of Court is directed to file the "service copy" provided by Plaintiff and file stamped as having been received on June 6, 2005, as Plaintiff's fourth amended complaint. The Clerk shall then make an additional copy of the document for service on the Defendant and provide that copy to the United States Marshal for service. A copy will not be provided to Plaintiff as he was ordered to retain a copy for his own records. Should Plaintiff *not* have complied with that direction, he may request a copy from the Clerk's office accompanied by $5.00 (50 cents per page, 10 pages total).[1] This order directs service and requires a response as set forth in detail below.

 Accordingly, it is

 **ORDERED**:

 1. The Clerk of Court shall file the proposed service copy of the complaint that Plaintiff submitted to the Court on June 6, 2005, as Plaintiff's "fourth amended complaint."

 2. The Clerk of Court shall make an identical copy of the "fourth amended complaint" and provide it to the United States Marshal for service on the Defendant.

---

[1] Plaintiff has been granted a great deal of leniency in this proceeding thus far. Despite being told he would not be given additional extensions of time, they have been given. Despite being told he would have only one more chance to submit the service copy, he has been given additional opportunities and now the Court has cured his inability to submit an *identical* service copy. Plaintiff is advised that these leniencies have run out and Plaintiff is *required* to comply with all future orders and deadlines established therein.

Case No. 4:04cv168-WS/WCS

3. The docket shall reflect that there is one Defendant in this action: **Officer Mason.** Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

4. The Clerk shall issue summons for Defendant Officer Mason indicating he has 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal along with the service copy of the amended complaint.

5. The Clerk shall also prepare and send the Marshal a copy of this order for the Defendant.

6. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Jill Holt** is specially appointed to serve process upon Defendant **Officer Mason (a male officer)** at Lake Butler, Main Unit, an institution within the Florida Department of Corrections. In the absence of **Jill Holt**, the specially appointed process server designated above, **Holly Gordon** is designated as an alternate server and shall comply with this order as though issued in her name.

7. Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the **fourth amended civil rights complaint, summons, and this order** upon Defendant Mason. Service shall be accomplished **by mailing these documents by regular mail to the above named special process server, Jill Holt, who shall serve the fourth amended complaint.** All costs of service shall be advanced by the United States.

8. Within 10 days after receipt of the complaint and this order, **Jill Holt** shall **serve the fourth amended complaint upon the individual named above, complete**

Case No. 4:04cv168-WS/WCS

and **sign** the return of service, and **return** it to the Clerk of Court as proof of service. *The Defendant shall also sign the return of service as an acknowledgment of receipt of service.*

9. If the Defendant is no longer employed at the designated location, or is otherwise unable to be served, the server shall report this information to the Clerk of the Court within 10 days after receipt of the complaint and this order. *If service is returned unexecuted, the Clerk of Court shall immediately refer the file to chambers.*

10. Defendant shall review the fourth amended complaint to:

    a. Ascertain the facts and circumstances surrounding the complaint;

    b. Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

    c. Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

11. Within 60 days of receipt of the summons, Defendant shall respond to the fourth amended complaint either by filing a motion to dismiss because Plaintiff has not exhausted administrative remedies pursuant to 42 U.S.C. § 1997e or by filing a special report with the Court, and a copy thereof to Plaintiff, containing the following:

    a. Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

    b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.

    c. All defenses, including immunity defenses. If not listed, such defenses may be considered waived.

    d. Where relevant, copies of medical or psychological or disciplinary records.

  e. Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendant is advised that, at some time in the future upon notice of the Court, the special report may be deemed a motion for summary judgment. **Therefore, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials the Defendant wishes the Court to consider.[2]**

  12. No answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court. If any such pleading or motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a motion unless or until the Court so orders.

  13. Plaintiff shall not file a reply to Defendant's special report until ordered to do so by the Court. However, Plaintiff shall file a response to a motion to dismiss, if filed by Defendant, within 20 days of the date of service of such a motion.

  14. Once a special report is filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint. N.D. Fla. Loc. R. 15.1.

  15. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent, the form shall be signed and forwarded to counsel for Defendant (after service of process is complete). If Defendant wishes to consent, the form shall be signed and returned to the Clerk of Court.

---

[2] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

16. Plaintiff shall be required to mail to the attorney for the Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to the Defendant or to the attorney representing the Defendant. Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

17. The Clerk of Court shall return this file to the undersigned no later than September 9, 2005.

**DONE AND ORDERED** on June 8, 2005.

<u>s/   William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**